UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| **JOANIE C. SULLINS,** Individually, and as Personal Representative of the Estate of Brendon Garrett Sullins, <br><br> Plaintiff, <br><br> v. <br><br> **RSW REGIONAL JAIL AUTHORITY,** et al. <br><br> Defendants. | Civil Action No.: 5:18-cv-00006 |

### PETITION TO APPROVE COMPROMISE
### OF WRONGFUL DEATH SETTLEMENT

COMES NOW, Plaintiff/Petitioner, Joanie C. Sullins ("Petitioner"), Individually, and as Personal Representative of the Estate of Brendon Garrett Sullins, Deceased, by counsel, and files this Petition to Approve Compromise of Wrongful Death And Settlement pursuant to § 8.01-55 of the Code of Virginia. In support of this Petition, Petitioner states the following:

1. Petitioner's son, Brendon Sullins, died on February 13, 2016, due to complications from opiate withdrawal while he was a pretrial detainee in the custody of the RSW Regional Jail Authority and its employees.

2. Petitioner was qualified as the Personal Representative of the Estate for the Decedent on July 19, 2016.

3. Petitioner filed this wrongful death and civil rights action on January 11, 2018.

4. The Parties recently resolved this matter in an out-of-court compromise settlement.

5. Pursuant to § 8.01-53 of the Code of Virginia, decedent's two minor daughters, M.F. and B.S., are the statutory beneficiaries of this wrongful death action.

1

6. Bruce Levine has recently been appointed as Guardian *Ad Litem* for M.F. and B.S. to represent the minors' interests.

7. The "Settlement Agreement and Release" (the "Release"), containing the terms of the Parties' compromise, is attached hereto as **Exhibit 1**. The amount of the proposed settlement is $975,000.00.

8. Petitioner requests that distribution of the proceeds of this compromise settlement ($975,000.00) be made as follows:

    a) Legal fees to Grenier Law Group, PLLC ("GLG") in the amount of $390,000.00 (totaling 40% of the liability settlement).[1]

    b) Reimbursement of costs and expenses to GLG in the amount of $30,692.50, as reasonable costs and expenses incurred in representing Petitioner and as detailed in the itemization attached hereto as **Exhibit 2**.

    c) For the benefit of M.F., $262,927.31, to be placed into a structure and paid to her as follows:

Lump Payments:

- $10,000.00 on 6/21/2024;
- $30,000.00 on 6/21/2031;
- $35,000.00 on 6/21/2034;
- $75,000.00 on 6/21/2036;
- $75,000.00 on 6/21/2038; and,
- $125,000.00 on 6/21/2041.

Additionally:

- $300.00 payable monthly for 4 years (48 monthly payments) certain, commencing on 6/21/2024.
- $500.00 payable monthly for 4 years (48 monthly payments) certain, commencing on 6/21/2028.
- $750.00 payable monthly for 4 years (48 monthly payments) certain, commencing on 6/21/2032.

---

[1] For the Court's information, this amount is being split amongst three different law firms.

- $1,000.00 payable monthly for 5 years (60 monthly payments) certain, commencing on 6/21/2036.
- $1,000.00 payable yearly for 10 years (10 yearly payments) certain, commencing on 3/15/2025.

The total payout will be $494,400.00.

All sums set forth in this subpart constitute damages on account of personal physical injuries or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

Defendants and/or their Insurer ("Assignor") shall assign the obligation for the future payments to BHG Structured Settlements, Inc. ("Assignee") through a qualified assignment under Section 130(c) of the Internal Revenue Code. Assignee shall be the sole obligor with respect to the future payments and the Insurer and Insured shall be fully released, said release being final, irrevocable and absolute.

The Assignee shall fund the obligation for the future payments by purchasing annuity contracts from Berkshire Hathaway Life Insurance Company of Nebraska which is authorized to do business in the Commonwealth of Virginia and is rated A++ (Superior) by A.M. Best Company. Assignee shall be the sole owner of the annuity contracts and retain all rights of ownership therein.

It is further understood and agreed that Columbia Insurance Company will issue a Corporate Guarantee, guaranteeing BHG Structured Settlements, Inc. with respect to the obligation assumed.

Joanie C. Sullins, Personal Representative and Administrator of the Estate of Brendon Garrett Sullins is authorized to enter into this settlement on behalf of the minor children and all parties shall cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the assignment of the future periodic payments.

The future periodic payments cannot be accelerated, deferred, increased, decreased, anticipated, attached or assigned in any manner. Any transaction in violation of this restriction shall be void and invalid.

Any payments to be made after the death of either Payee shall be made to the Estate of the deceased Payee. After the age of majority, each Payee may submit a change of beneficiary in writing to the Defendants' Assignee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Defendants' Assignee. The designation must be in a form acceptable to the Defendants' Assignee before such payments are made.

d) For the benefit of B.S., $262,927.30, to be placed into a structure and paid to her as follows:

Lump Payments:

- $15,000.00 on 9/21/2031;
- $35,000.00 on 9/21/2038;
- $45,000.00 on 9/21/2041;
- $100,000.00 on 9/21/2043;
- $100,000.00 on 9/21/2045; and,
- $200,000.00 on 9/21/2048.

Additionally:

- $400.00 payable monthly for 4 years (48 monthly payments) certain, commencing on 9/21/2031.
- $600.00 payable monthly for 4 years (48 monthly payments) certain, commencing on 9/21/2035.
- $950.00 payable monthly for 4 years (48 monthly payments) certain, commencing on 9/21/2039.
- $1,250.00 payable monthly for 5 years (60 monthly payments) certain, commencing on 9/21/2043.
- $1,000.00 payable yearly for 10 years (10 yearly payments) certain, commencing on 3/15/2032.

The total payout will be $673,600.00.

All sums set forth in this subpart constitute damages on account of personal physical injuries or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

Defendants and/or their Insurer ("Assignor") shall assign the obligation for the future payments to BHG Structured Settlements, Inc. ("Assignee") through a qualified assignment under Section 130(c) of the Internal Revenue Code. Assignee shall be the sole obligor with respect to the future payments and the Insurer and Insured shall be fully released, said release being final, irrevocable and absolute.

The Assignee shall fund the obligation for the future payments by purchasing annuity contracts from Berkshire Hathaway Life Insurance Company of Nebraska which is authorized to do business in the Commonwealth of Virginia and is rated A++ (Superior) by A.M. Best Company. Assignee shall be the sole owner of the annuity contracts and retain all rights of ownership therein.

It is further understood and agreed that Columbia Insurance Company will issue a Corporate Guarantee, guaranteeing BHG Structured Settlements, Inc. with respect to the obligation assumed.

Joanie C. Sullins, Personal Representative and Administrator of the Estate of Brendon Garrett Sullins is authorized to enter into this settlement on behalf of the minor children and all parties shall cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the assignment of the future periodic payments.

The future periodic payments cannot be accelerated, deferred, increased, decreased, anticipated, attached or assigned in any manner. Any transaction in violation of this restriction shall be void and invalid.

Any payments to be made after the death of either Payee shall be made to the Estate of the deceased Payee. After the age of majority, each Payee may submit a change of beneficiary in writing to the Defendants' Assignee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Defendants' Assignee. The designation must be in a form acceptable to the Defendants' Assignee before such payments are made.

e) Pursuant to § 64.2-1208 of the Code of Virginia, $20,000.00 to Petitioner as reasonable compensation for acting in her role as personal representative. Petitioner made the decision to speak with attorneys regarding a potential case on behalf of her son's estate and traveled from her home in Elkins, West Virginia to meet with undersigned counsel in Front Royal, Virginia. Further, Petitioner was actively involved and an integral part of both the pre-litigation work up of this case and the active litigation (assembling countless photographs and needed information about Decedent). Petitioner again traveled from Elkins, West Virginia and stayed overnight in Richmond, Virginia for the mediation in this matter, participated in the medication, and made the final decision to compromise the estate's claim. Petitioner also has been the main point of contact between the guardians of Decedent's minor children, as well as the decision maker in setting up the annuities for her grandchildren, M.F. and B.S. Petitioner represents to the Court that a portion of her fee will be used to take M.F. and B.S. on a trip to Disney in memory of their father (Petitioner's late son).

f) Pursuant to § 8.01-52 of the Code of Virginia, $5,662.40 to the Petitioner to reimburse her for the expenses incurred in connection with Brendon's funeral. A receipt for the funeral expenses is attached hereto as **Exhibit 3**.

g) In addition to reimbursement for the funeral expenses, $2,790.49 to Petitioner for an urn ($45.49) and mausoleum ($2,745.00) which will be used to memorialize Brendon. Petitioner understandably wants a respectable place where M.F. and B.S. can visit in order to remember their father. Apportionment of these funds will allow for such a place. Estimates outlining the costs of the urn and mausoleum are attached here as **Exhibit 4** and **Exhibit 5**, respectively.

9. Pursuant to the terms contained in the Release, Petitioner requests that Defendants RSW Jail Authority, Paxtynn E. See (identified as Scott-Williams), Thomas Ratigan, Jacob Medina, and William Wilson and their respective insurers, and any other person who may be liable for all or any portion of Plaintiff's claims, be released and discharged from any and all potential liability to the Petitioner on account of any claims or damages as a result of the death of Brendon Sullins. Petitioner requests that such discharge and release be effective upon payment of the total amount of the settlement.

10. The proposed compromise is very reasonable, considering the costs associated with litigating this case beyond the pending dispositive motions, the risks attendant to a trial in this matter, and the amount of available insurance. The complexity and risks associated with this case can be derived from a cursory review of the pending dispositive motions.

11. Defendants RSW Jail Authority, Paxtynn E. See (identified as Scott-Williams), Thomas Ratigan, Jacob Medina and William Wilson consent to the grant of this Petition.

WHEREFORE, Petitioner respectfully requests that the Court approve the Parties' wrongful death compromise settlement pursuant to Virginia Code § 8.01-55 as detailed above and in the attached exhibits. A fully endorsed proposed final Order is attached hereto.

                Respectfully Submitted,

                /s/ *Peter C. Grenier*
                Peter C. Grenier VSB # 50997
                Grenier Law Group PLLC
                1920 L Street, N.W.
                Suite 750
                Washington, D.C. 20036
                Phone: 202-768-9600
                Fax: 202-768-9604
                *Counsel for Plaintiff*

Dated: November 1, 2018

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 1st day of November, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which then sends a notification of such filing to all counsel of record in this case, including the following:

Alexander Francuzenko (VSB No. 36510)
Michael D. Arena (VSB No. 87278)
Cook, Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
Tel: (703) 865-7480
Fax: (703) 434-3510
alex@cookcraig.com
marena@cookcraig.com
*Counsel for Defendants RSW Regional Jail Authority, Ratigan, Medina, and Wilson*

Rosalie Pemberton Fessier (VSB No. 39030)
Timberlake Smith
25 North Central Avenue
P.O. Box 108
Staunton, VA 24402
Tel: 540-885-1517
Fax: 540-885-4537
rfessier@timberlakesmith.com
*Counsel for Defendant See (identified as Scott-Williams)*

                                                /s/ *Peter C. Grenier*
                                                Peter C. Grenier